UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JIM HAWK TRUCK-TRAILERS OF SIOUX FALLS, INC., | 4:20-CV-04058-KES |
| Plaintiff, | |
| vs. | |
| CROSSROADS TRAILER SALES & SERVICE, INC., ALVIN SCHOLTEN, MARK SNEVE, MICHAEL FALOR, DAVID JENSEN, TRACY THOMPSON, NICK BIG EAGLE, CHAZ KOHORST,[1] TAYLOR LARSON, and DEREK FALOR, | ORDER GRANTING IN PART AND DENYING IN PART JIM HAWK'S REQUEST FOR SPECIFIC ATTORNEYS' FEES |
| Defendants. | |

**BACKGROUND**

The court recently recounted the factual background of this case in its summary judgment order and refers the parties to such discussion. Docket 187. As relevant here, on March 16, 2022, plaintiff Jim Hawk Truck-Trailers of Sioux Falls, Inc. filed a motion to compel discovery, arguing defendant Crossroads Trailer Sales & Services, Inc. improperly refused to produce discovery in seven different areas of dispute: (1) Interrogatory No. 6; (2) Production Request No. 9; (3) Production Request No. 21; (4) Production Request No. 22; (5) Production Request No. 33; (6) Production Request No. 55;

---

[1] Chaz Kohorst's name is spelled inconsistently throughout the docket. *Compare, e.g.*, Docket 121, *with* Docket 157. In his employment application to Crossroads, he spelled his name "Kohorst," and thus the court assumes that is the correct spelling. *See* Docket 124-52 at 1.

1

and (7) ESI Search for seven additional search terms. *See* Docket 105 at 12-15. After filing its motion to compel, but before the court ruled on it, Jim Hawk withdrew its Production Request No. 9 because Crossroads adequately responded to such request. *See* Docket 110 at 2-3; Docket 113 at 1; Docket 136 at 2-3.

The court granted in part and denied in part Jim Hawk's motion to compel. *See* Docket 136 at 22. Specifically, the court granted Jim Hawk's motion to compel with respect to Interrogatory No. 6, Production Request No. 21, and Production Request No.  33. *Id.* The court denied Jim Hawk's motion with respect to Production Request No. 22, Production Request No. 55, and the proposed additional ESI search terms. *Id.* The court further requested Jim Hawk to file an affidavit stating the attorneys' fees it seeks for the discovery disputes in which it succeeded. *Id.*

Jim Hawk's counsel filed an affidavit, defendant objected, and Jim Hawk's counsel replied to defendant's objections. Docket 164; Docket 171; Docket 172. The court now decides the amount defendant owes Jim Hawk for its attorneys' fees.

## DISCUSSION

Under Federal Rule of Procedure 37(a)(5)(C), attorney's fees must be limited to the "reasonable expenses" of a motion to compel. The court uses the lodestar method to determine whether Jim Hawk's requested attorneys' fees are reasonable. *See Haukaas v. Liberty Mutual Ins. Co.*, 2022 WL 1719412 at *8 (D.S.D. May 27, 2022). This method requires the court to "multipl[y] a

reasonable number of hours for the work performed by a reasonable hourly rate." *Id.* (quoting *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 473 (D.S.D. 2011)). "The burden is on the moving party to prove that the request for attorneys' fees is reasonable." *Atmosphere Hosp. Mgmt., LLC. v. Curtullo*, 2015 WL 1097324, at *1 (D.S.D. Mar. 11, 2015) (citing *Tequilla Centinela, S.A. de C.V. v. Bacardi & Co.*, 248 F.R.D. 64, 68 (D.D.C. 2008)).

### A. Rates

The court must first determine whether plaintiff's counsel's hourly rates are reasonable. *See Atmosphere*, 2015 WL, at *1-2. The court can rely on its own knowledge of the market. *See, e.g.*, *Beyer v. Medico Ins. Grp.*, 2010 WL 199725, at *1 (D.S.D. Jan. 12, 2010) (citing *Creative Resources Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103-04 (E.D.N.Y. 2002)).

Plaintiff's counsel seeks the following rates for each of its attorneys and a paralegal.

| | |
|---|---|
| Gillian O'Hara (Attorney) | $ 350/hr |
| Victoria Buter (Attorney) | $ 420/hr |
| Meghan Gandy (Attorney) | $ 275/hr |
| Lea Coffman (Paralegal) | $ 150/hr |

*See* Docket 164 ¶ 5, 14, 20, 27.

Based on the court's knowledge of prevailing rates in the District of South Dakota for similar work, the court concludes that the hourly rates quoted for each of the attorneys and the paralegal are reasonable. Although the

hourly rates are on the higher end, the court notes that this case involves trade secret claims, which is a more niche practice area. *Cf. Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 2017 WL 1052575, at *7 (D.S.D. Mar. 20, 2017) (concluding $435 hourly rate to be reasonable given the case dealt with the "specialized area of practice" of trademark litigation). Furthermore, paralegal Lea Coffman's rate is reasonable. *See SD Voice v. Noem*, 2020 WL 104385, at *6 (D.S.D. Jan. 9, 2020) (concluding $120 hourly fee for paralegals).

**B. Hours**

The court next determines whether the number of hours plaintiff's attorneys spent on the motion to compel was reasonable. Here, Jim Hawk's lawyers request a total of 60.7 hours between the three lawyers and one paralegal in connection with their motion to compel. *See* Docket 164 at ¶¶ 8, 16, 22, 29. Defendant argues that this number is unreasonable, challenge 36.8 of those hours, and instead argue a reasonable number of hours plaintiff's counsel spent is 23.9 hours. *See* Docket 171 at 3, 8. The court separates the entries into three main categories. The court further determines the appropriate percentage reduction to use for the time Jim Hawk's lawyer worked on the motion to compel, given that Jim Hawk's motion only partially succeeded. *See* Docket 136 at 22.

**1. Meet and Confer**

The first category the parties dispute is time plaintiff's counsel spends meeting and conferring with defendant's counsel (and related time plaintiff's counsel spent preparing for such meetings). *See* Docket 171 at 5-7.  The court

agrees with defendant that ordinarily, the time plaintiff's counsel spent meeting and conferring (and preparing for such meet and conferrals) is not recoverable in a motion to compel case because Federal Rule of Civil Procedure 37(a)(5)(A)(i) requires a party to "attempt[] in good faith to obtain the disclosure or discovery without court action[]" in order to recover attorney's fees. Additionally, this District's local rules require parties to meet and confer prior to filing a discovery motion. D.S.D. LR 37.1. Thus, the court finds it inappropriate to include the time plaintiff's counsel spent related to the meet and confer conferences. *See Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 2:18-CV-9768-FMO (KSx) 2019 WL 7166067, at *6 (C.D. Ca. Nov. 8, 2019) (excluding time meeting and conferring); *Latson v. Clarke*, Case No. 1:16-CV-00039, 2018 WL 5802473, at *2 (W.D. Va. Nov. 6, 2018) *aff'd*, 794 F.App'x 266 (4th Cir. 2019) (excluding meet and confer time, because "these prerequisite conferences between counsel, although necessary, were not part of preparing the Motion to Compel[.]"), *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-0053-GMN, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) ("[A]ttorneys' fees are generally not awarded in [the District of Nevada] for time spent meeting and conferring on motions to compel."); *see also Adams v. Austal, U.S.A., L.L.C*, No. CIV.A.08-0155-KD-N, 2010 WL 2496396, at * 4 (S.D. Ala. June 16, 2010) ("The court does not award fees for compliance with the pre-filing conferencing requirement or for conducting discovery[.]").

Plaintiff's counsel cites *United States for Use of Anderson Excavating Co. v. KiewitPhelps*, No. 8:19CV303, 2020 WL 4745821, at *2 (D. Neb. Aug. 17,

5

2020). There, the court allowed the defendant, the party seeking attorney's

fees, to recover time spent drafting meet-and-confer letters. *See id.* But in that

case, the plaintiff had failed to provide certain discovery despite a court order,

and failed to respond to the motion to compel. *See id.* at *1-2. Here, although

Jim Hawk alleges that defendant has failed to comply with this court's most

recent discovery order, the instant motion to compel did not arise out of such

alleged failure. *See* Docket 172 at 1-2; *see generally* Docket 105. *Anderson*

*Excavating* is distinguishable.

Thus, because the court excludes time Jim Hawk's lawyers spent

meeting and conferring with defendant's counsel as well as related work

paralegal Coffman did for such meetings, the court excludes the following

entries:

| Name and Date | Hours | Description |
| --- | --- | --- |
| O'Hara 02/14/2022 | 0.5 | Attend meet and confer conference with opposing counsel and discuss discovery disputes remaining |
| O'Hara 02/23/2022 | 0.7 | Review and analyze discovery dispute in anticipation of meet and confer with opposing counsel |
| O'Hara 02/23/2022 | 0.1 | Draft correspondence to opposing counsel for Crossroads regarding meet and confer conference |
| O'Hara 02/25/2022 | 1.8 | Revise letter responding to meet and confer |
| O'Hara 02/25/2022 | 1.3 | Attend and confer conference with opposing counsel regarding discovery dispute |
| O'Hara 03/01/2022 | 0.2 | Draft correspondence to opposing counsel regarding meet and confer and discovery dispute, and review responses to same |
| O'Hara 03/04/2022 | 0.2 | Review and analyze discovery issues in dispute and prepare for meet and confer conference with opposing counsel |

| | | |
|---|---|---|
| O'Hara 03/04/2022 | 0.8 | Attend meet and confer conference with opposing counsel regarding discovery disputes |
| Buter 01/26/2022 | 0.8 | Review of draft response to discovery letter and meet and confer letter to Crossroads and make edits to same |
| Buter 02/14/2022 | 1.1 | Review and analysis of discovery correspondence from Crossroads and engage in meet and confer on these topics. |
| Buter 02/25/2022 | 1.4 | Participate in discovery meet and confer and follow up correspondence regarding same |
| Buter 03/04/2022 | 1.8 | Attend meet and confer with opposing counsel and follow up analysis of next steps in discovery |
| Gandy 02/14/2022 | 1.2 | Participate in meet and confer regarding discovery; prepare letter summarizing the same and responding to additional issues |
| Gandy 03/04/2022 | 2.3 | Participate in meet and confer call regarding discovery; prepare response to March 2 letter regarding discovery issues |
| Coffman 01/20/2022 | 0.3 | Review meet and confer letter from Defendants' counsel and calendar deadlines associated with same |
| Coffman 01/26/2022 | 0.8 | Review, compile and summarize past discovery deficiency letters for purposes of responding to Defendants' counsel meet and confer letter regarding outstanding discovery |
| Coffman 01/26/2022 | 1.8 | Continue preparing index of documents produced by Defendants to include most recent productions and for purposes of responding to Defendants' counsel meet and confer letter regarding outstanding discovery |
| Coffman 02/24/2022 | 2.1 | Review and analyze meet and confer letters and parties' discovery responses and prepare chart summarizing outstanding discovery responses and agreed upon supplemental document productions in preparation for meet and confer with Defendants' counsel |
| Coffman 02/28/2022 | 2.6 | Review and analyze document databases and prepare chart of search terms run, search term hits and status of production as part of parties' continued meet and confer efforts. |

### 2. Time Spent Drafting Motion to Compel Before March 4, 2022

Defendant argues that the court should exclude any hours that plaintiff's counsel spent working on the motion to compel prior to the last meet and confer on March 4, 2021. *See* Docket 171 at 5-6. Defendant also cites *Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 2014 WL 112361, at *6 (D.S.D. Jan. 10, 2014), a case in which Magistrate Judge Duffy excluded all time entries that occurred before "a decision was made to file the motion to compel." Docket 171 at 6. Jim Hawk argues that it has "participated in good faith in meet and confer efforts, including phone calls beginning on August 20, 2021 and continuing on November 5, 2021[,]" and thus "time spent preparing the brief and supporting documentation should be recovered by [Jim Hawk's] counsel." *See* Docket 172 at 5.

The court will not exclude time that Jim Hawk's counsel spent drafting the motion to compel based solely on the fact that they continued to meet and confer with defendants' counsel. This result aligns with *Latson*, a case where the Western District of Virginia excluded meet and confer times but did not automatically exclude time spent working on a motion to compel, even when attorneys worked on the motion to compel prior to the last meet and confer session. *See* 2018 WL 5802473, at *2-3. The time lawyers spend drafting a motion to compel, even if before the end of meet and confers, is the same amount of time they would have to spend drafting a motion after an unsuccessful meet and confer. Adopting defendant's suggested rule would

incentivize lawyers to wait until all possible meet and confer meetings are done to start working on motions to compel, which in turn would further drag out litigation.

Defendant's citation to *Black Hills* does not change the court's analysis. In *Black Hills*, the court excluded all time entries prior to when the lawyers had decided on when to file a motion to compel. *See* 2014 WL 112361, at *6-7. The language in *Black Hills* suggests that there were no time entries that involved the lawyers drafting a motion to compel, because presumably a lawyer would not draft a motion if she did not plan to file one. *See id.* But even if the court in *Black Hills* did exclude time that lawyers spent working on a motion to compel prior to her decision to bring a motion, this court respectfully declines to follow that result. Thus, the court rejects defendant's argument, and does not automatically exclude this category of time.

### 3.   Vagueness

Defendant seeks to exclude various time entries on the ground that the entries are too vague. *See* Docket 171 at 6-7. The court has already excluded some of these entries (e.g. Gandy's February 14, 2022 and March 4, 2022 entries), because they dealt with time spent related to meeting and conferring with defendant's counsel. Thus, the court only addresses the following surviving entries: Buter's February 7, 2022 and March 11, 2022 entries, and Gandy's April 12, 2022. Docket 164 ¶¶ 16, 22.

On February 7, 2022, Buter recorded 0.4 hours for a "Conference with Ms. Gandy regarding Motion to Compel and review of Crossroads'

9

correspondence regarding documents." *Id.* ¶ 16. Similarly, on March 11, 2022, Buter recorded 0.4 hours for a "Conference with Ms. Gandy regarding motion to compel issues and follow up analysis regarding same." *Id.* Although the February 7, 2022 entry does not specify what "review of Crossroads' correspondence regarding documents" means, the court finds based in context that the review directly related to drafting the motion to compel. *Id.* This understanding is consistent with Jim Hawk's representations in its reply to defendants' objections regarding this entry. *See* Docket 172 at 6 ("These conferences involved discussing issues to include in the motion to compel and are recoverable."). The March 11, 2022 entry does not present a vagueness problem, as it specifically states that the conference was about issues in Jim Hawk's motion to compel. *See* Docket 164 ¶ 16. Thus, the court finds Buter's February 7, 2022 and March 11, 2022 entries recoverable and overrules defendant's objections to these entries.

On April 12, 2022, Gandy billed 0.6 hours and described the entry as "Analyze reply brief regarding motion to compel; telephone conference regarding motion to compel and upcoming depositions." *See id.* ¶ 22. Defendant argues that the time entry is "vague" and "duplicative" of the other work, and furthermore objects on the grounds that it included a telephone conference with a(n) unknown individual(s) about depositions unconnected to the motion to compel. *See* Docket 171 at 7. The court finds that the mere fact that two or more attorneys spend time on the same task does not alone require excluding such hours. *See Atmosphere*, 2015 WL 1097324, at *3 (" 'Time spent

by two attorneys on the same general task is not, however, *per se* duplicative'
and '[c]areful preparation often requires collaboration and rehearsal.' ")
(quoting *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir.
1998)). The hours involved here are reasonable and thus not overly duplicative.
The court further finds the entry to be sufficiently specific and thus not vague:
it specifies that Gandy was either working on the reply brief for the motion to
compel, talking to someone else about this motion, or talking about upcoming
depositions. *See* Docket 164 ¶ 22. The court does, however, agree that the 0.6
hour figure must be reduced to account for the time spent discussing
"upcoming depositions" as this description does not relate to the motion to
compel. Thus, the court exercises its discretion and reduces the time spent in
this entry by 33%, thus reducing Gandy's April 12, 2022 entry to 0.4 hours
rather than 0.6 hours.

### 4. Percentage to Reduce

In its motion to compel filed March 16, Jim Hawk initially brought seven
discovery disputes: (1) Interrogatory No. 6; (2) Production Request No. 9; (3)
Production Request No. 21; (4) Production Request No. 22; (5) Production
Request No. 33; (6) Production Requestion No. 55; and (7) ESI Search for seven
additional search terms. *See* Docket 105 at 12-15. Both parties agree that
Defendant supplemented its discovery to Jim Hawk's Production Requestion
No. 9 such that the court no longer needed to intervene. *See* Docket 110 at 2-3;
Docket 113 at 1; Docket 136 at 2-3. And both parties agree that because nearly
all of the time entries do not cleanly specify which production requests

11

plaintiff's lawyers worked on when they worked on a motion to compel, the court should reduce the number of hours to represent the percentage of discovery disputes on which Jim Hawk succeeded. *See* Docket 171 at 6; Docket 164 ¶ 36; Docket 172 at 3; *see also Haukaas*, 2022 WL 1719412, at *10.

But the parties do not agree on how Jim Hawk's withdrawal should cut for purposes of calculating the number of hours Plaintiff's counsel reasonably spent on its motion to compel. Jim Hawk argues that because the motion to compel ultimately involved six issues (the seven above minus Production Request No. 9) and Jim Hawk succeeded in three of them, the court ought to reduce the number of hours by half. *See* Docket 164 ¶ 36. Alternatively, it also argues that if Request No. 9 does count, the court should treat it as successful because defendant ultimately complied, but only after Jim Hawk expended resources drafting a motion to compel. *See* Docket 172 at 3. Defendant argues that Jim Hawk succeeded in only "3 out of 8 issues included in the motion[,]" and thus "the Court should reduce Plaintiff's attorney fee award to three-eighths of the total attorney time reasonable included in their affidavit." Docket 171 at 6.

As an initial matter, the court does not understand how defendant came up with the number eight. The court's order granting and denying Jim Hawk's first motion to compel addresses only six requests, and explicitly states that it would not consider the seventh because the parties had resolved that by themselves after the motion to compel was filed. *See* Docket 136 at 2-3, 22. Thus, the correct number of total discovery issues is either six or seven, and

the number of "successful" discovery requests for Jim Hawk is either three or four.

The heart of the dispute lies with what to do with Jim Hawk's work with respect to Production No. 9. The parties do not cite, nor is the court aware of, a case dealing with this scenario: namely, how to treat one party's withdrawn discovery request only *after* the opposing side produced such discovery *in response to* the requesting party's motion to compel. The touchstone of the analysis is determining what is reasonable. *See* Fed. R. of Proc. 37(a)(5)(C). Here, defendant did not produce responsive material to Request No. 9 until *after* Jim Hawk filed its first motion to compel. *See* Docket 105 at 14, 16 (Jim Hawk including production Request No. 9 in first motion to compel dated March 16, 2022); Docket 110 at 2 (Defendant admitting it supplemented documents responsive to request No. 9 on March 25, 2022); Docket 113 at 1 (Jim Hawk withdrawing request 9 after Crossroads supplemented discovery response). Jim Hawk's counsel had repeatedly engaged in meet and confers with defendant's counsel, presumably attempting to receive responsive discovery to request No. 9, among its other requests. *See* Docket 164 at 3, 5-6, 8 (outlining several meet and confer times between counsel); Docket 136 at 2 n. 2 (noting Jim Hawk's counsel satisfied meet and confer-requirement).

The court finds it reasonable to count Jim Hawk's Production No. 9 request as one of the issues it had to work on for its motion to compel, and to treat it as successful. Jim Hawk would not have received responsive discovery from Defendant but-for its motion to compel. Defendant should not get a pass

13

for dragging its feet and only responding to Jim Hawk's request *after* forcing Jim Hawk to file a motion to compel. The court finds that Jim Hawk's first motion to compel involved seven issues, and that Jim Hawk succeeded in four of them. Thus, the court reduces the total by three-sevenths (42.86%).

Unlike most entries, Lea Coffman's February 10, 2022 entry specifies the discovery matter to which her work related: the ESI issue. *See* Docket 164 ¶ 29. Thus, because Jim Hawk did not succeed on the ESI discovery dispute, the court excludes this entry from Jim Hawk's hours. [2]

**C. Combining Rate and Hours**

Given the above analysis, the court awards attorney's fees based on the below table:

---

[2] Gandy's February 7, 2022, and February 8, 2022, entries include time spent on the unsuccessful ESI issue. *See* Docket 164 ¶ 22. Gandy's March 7, 2022, entry also includes time spent analyzing and removing issues from the motion to compel that had been resolved. *See id.* Because Jim Hawk did not prevail on the ESI issue, it should not be awarded attorneys' fees for time spent on it. Jim Hawk also should not be awarded attorneys' fees for time Gandy spent removing disputes that had been resolved. But instead of reducing the amount of time here, the court relies on the broad reduction discussed above for purposes of consistency (i.e. the court reduces all surviving amounts by 42.86%).

| Timekeeper and Entry | Hours | Amount Billed | Description |
|---|---|---|---|
| O'Hara 03/14/2022 | 0.4 | $140.00 | Review and analyze motion to compel and brief in support |
| O'Hara 03/15/2022 | 3.8 | $1,330.00 | Revise brief in support of motion to compel |
| O'Hara 03/16/2022 | 0.1 | $35.00 | Review and analyze local rule for good faith meet and confer in South Dakota on discovery disputes and provide guidance regarding same in anticipation of filing motion to compel |
| O'Hara 03/16/2022 | 0.3 | $105.00 | Revise brief in support of motion to compel regarding additional supplementation of discovery needed |
| O'Hara 04/07/2022 | 6.9 | $2,415.00 | Draft reply brief in support of motion to compel |
| O'Hara 04/07/2022 | 0.5 | $175.00 | Review and analyze opposition to motion to compel and evidence provided in support of same |
| O'Hara 04/20/2022 | 0.4 | $140.00 | Revise reply brief in support of motion to compel for filing with court |
| Buter 02/07/2022 | 0.4 | $190.00 | Conference with Ms. Gandy regarding Motion to Compel and review of Crossroads' correspondence regarding documents |
| Buter 03/10/2022 | 0.5 | $210.00 | Review of correspondence from opposing counsel regarding discovery issues and analysis of impact on motion to compel |
| Buter 03/11/2022 | 0.4 | $168.00 | Conference with Ms. Gandy regarding motion to compel issues and follow up analysis regarding same |
| Buter 03/16/2022 | 1.2 | $504.00 | Review and make edits to Motion to Compel |
| Buter 04/12/2022 | 0.3 | $126.00 | Review of reply brief in support of Motion to Compel |
| Gandy 02/01/2022 | 0.2 | $65.00 | Analyze issues relating to motion to compel |
| Gandy 02/02/2022 | 0.9 | $292.50 | Research regarding motion to compel rules in South Dakota; begin preparing motion to compel |
| Gandy 02/07/2022 | 4.1 | $1,332.50 | Continue preparing brief in support of motion to compel including analyzing case law regarding motion to compel standards as well as drafting argument section regarding failure to respond to |

| | | | |
|---|---|---|---|
| | | | interrogatories as well as analyze whether to include ESI in the motion to compel |
| Gandy 02/08/2022 | 2.9 | $942.50 | Continue preparing motion to compel including analyzing correspondences over several months relating to ESI issues to include in motion to compel brief |
| Gandy 02/09/2022 | 1.3 | $422.50 | Finish preparing brief in support of motion to compel |
| Gandy 03/07/2022 | 3.1 | $852.50 | Analyze issues with motion to compel and outstanding financial documents; analyze and remove issues from motion to compel that have been resolved; prepare correspondence regarding outstanding issues with financial |
| Gandy 03/11/2022 | 1.6 | $440.00 | Analyze issues with motion to compel; begin revising motion to compel brief |
| Gandy 03/16/2022 | 0.9 | $247.50 | Analyze and revise motion to compel and supporting documentation |
| Gandy 04/12/2022 | 0.4[3] | $165.00 | Analyze reply brief regarding motion to compel; telephone conference regarding motion to compel and upcoming depositions |
| Coffman 03/08/2022 | 0.9 | $135.00 | Prepare exhibit to JHTT's motion to compel identifying discovery requests and responses in dispute with regard to Crossroads Trailer's refusal to produce financial documentation prior to 2020 |
| Coffman 03/10/2022 | 1.7 | $255.00 | Continue preparing JHTT's brief in support of its motion to compel to include recent meet and confer correspondence regarding Crossroads Trailer's final position with regard to discovery requested by JHTT |
| Coffman 03/11/2022 | 0.9 | $135.00 | Review and analyze financial documents produced by Defendants for purposes of finalizing JHTT's motion to compel |
| Coffman 03/14/2022 | 0.9 | $135.00 | Begin reviewing, finalizing and marking exhibits to JHTT's motion to compel discovery from Defendants |
| Coffman 03/14/2022 | 0.9 | $135.00 | Begin preparing declaration of Victoria Buter in support of JHTT's motion to compel discovery from Defendants |

---

[3] Gandy originally entered 0.6 hours, but for reasons explained above, the court reduced it to 0.4. *See supra* at 11.

16

| Coffman 03/14/2022 | 1.1 | $165.00 | Continue preparing brief in support of JHTT's motion to compel discovery from Defendants to include citations to the declaration of Victoria Buter |
| Coffman 03/16/2022 | 1.1 | $165.00 | Finalize exhibits to JHTT's motion to compel discovery from Defendants |

Adding up these entries, the total attorney's fees without the discount is $11,423.00. Multiplying this amount by four-sevenths to account for the three unsuccessful discovery disputes, the figure is $6,527.43. Finally, after adding the 6.5% South Dakota sales tax, the total amount Defendant owes in attorneys' fees is $6,951.71. Although this figure is based on 38.1 hours, which is on the higher side, the court recognizes that this case involves federal and state-law trade secret claims, and thus is a more complex area than a run of the mill tort or contract case. *Cf. Hoffman v. MJC America, Ltd.*, 2019 WL 6134886, at *2-3 (D.S.D. Nov. 19, 2019) (noting 4-12 hours is a reasonable amount to spend on "run-of-the-mill motions to compel"). The court concludes the overall figure is reasonable.

## CONCLUSION

Jim Hawk partially succeeded in its motion to compel discovery and is entitled to recover a reasonable amount of attorneys' fees. After considering a reasonable rate for the three attorneys and paralegal, as well as a reasonable number of hours, the court finds Jim Hawk is entitled to $6,951.71 in attorneys' fees and sales taxes. It is

ORDERED that Jim Hawk is awarded a judgment in its favor in the total amount of $6,951.71 for attorneys' fees and taxes.

Dated February 8, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE